WARNER, J.
The Department of Revenue (“Department”) appeals an order dismissing the registration of an out-of-state child support order. The trial court sua sponte dismissed the action because the Department did not serve the respondent father within the time allowed under Florida Rule of Civil Procedure 1.070 and Family Law Rule of Procedure 12.070. Because the notice provision of the Uniform Interstate Family Support Act (“UIFSA”) requires the registering tribunal to provide notice to the respondent, we hold that the court erred in dismissing the cause for the Department’s failure to serve timely notice.
Sections 88.6011-.6141, Florida Statutes (2002), provide for the procedure to register and enforce a support order or income-withholding order from another state. These are the statutes under which the registration in this case was attempted.
Section 88.6021 requires an initiating state to transmit copies of the order sought to be enforced together with a *811 sworn affidavit containing information regarding the obligor. Upon receipt of the information, the “registering tribunal shall cause the order to be filed as a foreign judgment.” § 88.6021(2), Fla. Stat. (2002). A “tribunal” is defined as “a court, administrative agency, or quasi-judicial entity authorized to establish, enforce, or modify support orders or to determine parentage.” § 88.1011(22), Fla. Stat. (2002). An order is registered when it is filed in the registering tribunal of this state. § 88.6031(1), Fla. Stat. (2002).
Once the support or income deduction order is registered, “the registering tribunal shall notify the nonregistering party.” § 88.6051(1), Fla. Stat. (2002) (emphasis added). The notice must inform the party that the order has been registered, that it is enforceable as a registered order in this state, and that the nonregistering party has twenty days from the date of mailing the notice or personal service to request a hearing contesting the validity or enforcement of the registered order. See § 88.6051(2)(a) & (b). Failure to timely contest the order will result in its confirmation and enforcement for the arrearage amount contained therein. See § 88.6051(2)(c). “Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.” § 88.6081, Fla. Stat. (2002).
In this case, the Superior Court of Mid-dlesex County, New Jersey, sent a support judgment and the appropriate affidavits to the circuit court for Broward County to register the judgment pursuant to UIFSA. The clerk then sent a notice of registration to the respondent father, the nonregister-ing party, pursuant to section 88.6051(1). The notice was sent by certified mail and was returned as unclaimed. Five months later the court sua sponte filed its “motion to dismiss initial action,” because service of process had not been made within 120 days of the initial pleading. The respondent appeared at the hearing set by the court and advised it of his current mailing address. A month later, the court served a second “motion to dismiss,” again setting a hearing to dismiss the case for failure to serve the respondent. The “motion” noted that while respondent was in court, he was not served, nor was a certificate of mailing filed. At the hearing on the second motion the court entered a final order dismissing the case for failure to serve the respondent within 120 days of the filing of the initial pleading, pursuant to Family Law Rule of Procedure 12.070.
The court erred in “dismissing” the registered order, because registration is complete upon filing the order. See § 88.6031(1). Notice pursuant to section 88.6051 does not affect registration but is required to cut off the responding party’s right to contest the validity of the order or its enforcement. Moreover, the notice is required to be sent by the registering tribunal. Therefore, it was the obligation of the court, not the Department, to assure that notice was properly sent. The court should have directed the clerk to re-serve the notice on the respondent in such manner as would be acceptable to the court or, if the clerk had already mailed the notice to the respondent, to file a certificate of mailing in the court file. The court should not have dismissed the registration of the support order, when it was the entity responsible for ensuring compliance with the statute.
Reversed for reinstatement of the order.
GUNTHER and MAY, JJ., concur.