# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES,
BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
Petitioner Below, Petitioner,

**vs.) No. 23-ICA-8** (Fam. Ct. Jefferson Cnty. No. FC-19-2022-D-107)

**SHAWN O.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Health and Human Resources, Bureau of Child Support Enforcement ("BCSE") appeals the Family Court of Jefferson County's "Order Denying Motion to Reconsider" entered on December 12, 2022. The issue on appeal is whether BCSE is required to serve a Uniform Interstate Family Support Act ("UIFSA")[1] notice pursuant to Rule 4(k) of the West Virginia Rules of Civil Procedure. Shawn O. did not file a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

---

[1] UIFSA provides uniform rules for the enforcement of family support orders. Specific to this appeal, UIFSA provides processes and procedures in which support orders issued in one state can be registered in another state for enforcement purposes. All fifty states have adopted UIFSA. UIFSA was adopted by West Virginia in 2002. W. Va. Code § 48-16-1 (2002).

[2] BCSE is represented by Mark French, Esq. Shawn O. is self-represented.

Shawn O. and Sherry N. are the biological parents of one child, who was born in Florida in 2000 when both parents lived in that state. Sometime in or around 2009, the parties separated. On October 14, 2009, the Circuit Court of Walton County, Florida entered an order directing Shawn O. to pay child support to Sherry N. Shawn O. moved to Charles Town, West Virginia sometime between the entry of the child support order and May of 2022.

On May 9, 2022, the BCSE received a UIFSA petition from the State of Florida, seeking to collect Shawn O.'s child support arrearages. On May 20, 2022, the BCSE initiated a case in the Family Court of Jefferson County for the purpose of registering the Florida child support order.[3] As required by West Virginia Code § 48-16-605(a) (2015), the Circuit Clerk of Jefferson County mailed Shawn O. a Notice of Registration of Foreign Order, along with attachments, on May 23, 2022, by registered mail, return receipt requested. Shawn O. received the documents and signed the mail receipt on May 31, 2022.

On October 24, 2022, the family court dismissed the action for failure to comply with the time limit for service of process rule set forth in Rule 4(k) of the West Virginia Rules of Civil Procedure. The BCSE filed a motion for reconsideration on October 26, 2022, along with evidence documenting that Shawn O. was sent the Notice of Registration of Foreign Order on May 23, 2022, by registered mail. The motion to reconsider was denied on December 12, 2022, again for failure to comply with Rule 4(k) of the West Virginia Rules of Civil Procedure. It is from the December 12, 2022, order that the BCSE now appeals.

Our standard of review of a family court's order is well settled:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

---

[3] The order registered with the family court reflects that Shawn O. is in arrears of $19,745.01 for the period of October 1, 2009, to April 22, 2022.

On appeal, BCSE argues that the family court erred when it applied Rule 4(k) of the West Virginia Rules of Civil Procedure[4] to UIFSA notice requirements.[5] UIFSA's notice requirement states:

> When a support order or income withholding order issued in another state or a foreign support order is registered, the clerk of the court shall notify the nonregistering party. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.

W. Va. Code § 48-16-605(a) (2015).

UIFSA directs that the family court "apply the procedural and substantive law generally applicable to similar proceedings" and that a foreign support order is "subject to the same procedures as an order issued by a tribunal of this state." W. Va. Code § 48-16-303(1) (2002); W. Va. Code § 48-16-603(b) (2015). The requirements in Rule 9(b) of the Rules of Practice and Procedure of Family Court are similar to the notice requirements set forth in UIFSA, which provide guidance as to what service is required in proceedings to register foreign support orders.

We find no West Virginia case law addressing service of process or notice issues concerning registering a foreign support order under UIFSA. We note that "[i]n applying and construing [UIFSA] consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." W. Va. Code § 48-16-901 (2002).

BCSE cites a Florida Court of Appeals case holding that registration is complete under UIFSA upon filing of the foreign order. *Dep't of Revenue v. Cuevas*, 862 So. 2d 810, 811 (Fla. 4th Dist. Ct. App. 2003). In *Cuevas*, the support enforcement agency appealed an order dismissing the registration of an out-of-state child support order. *Id.* at 810. The trial

---

[4] Rule 4(k) of the West Virginia Rules of Civil Procedure states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effective within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

[5] Shawn O. did not file a response brief. Accordingly, this Court is entitled to assume that Shawn O. agrees with BCSE's view of the issues presented. W. Va. R. App. P. 10(d).

court *sua sponte* dismissed the action because the support enforcement agency did not serve the respondent within the time allotted under Florida Rule of Civil Procedure 1.070 and Family Law of Procedure 12.070.[6] *Id.* The *Cuevas* court found that the trial court erred in dismissing the case because "it was the obligation of the court, not the support enforcement agency, to assure that notice was properly sent." *Id.* The court found that the support enforcement agency had fulfilled its obligation by filing the order and that if the court wished that service be sent in a different manner, then it was the court's obligation to do so. *Id.*

The Court of Appeals of South Carolina has similarly declined to apply its civil procedure rule governing service of summons and complaint to UIFSA. *S.C. Dep't of Soc. Servs. v. Johnson*, 688 S.E.2d 588, 592 (S.C. Ct. App. 2009). In *Johnson*, the respondent appealed the family court's enforcement of a foreign child support order, arguing that he was required to be personally served in accordance with Rule 4 of the South Carolina Rules of Civil Procedure.[7] *Id.* The court rejected the respondent's argument, holding that "notice of registration for an existing child support order is separate and distinct from the service of a summons and complaint." *Id.*

We find no authority contrary to these two out-of-state cases concerning the notice procedure to register a foreign support order under UIFSA. Like the courts of appeal in Florida and South Carolina, we find that there is no requirement in UIFSA requiring BCSE,

---

[6] Florida's Rule of Civil Procedure 1.070(j) is similar to Rule 4(k) of the West Virginia Rules of Civil Procedure. It states:

> If service of the initial process and initial pleading is not made on a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, must direct that service be effected within a specified time or must dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court must extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties will begin on the entry of an order granting leave to amend. A dismissal under this subdivision will not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

[7] Rule 4(d)(1) of the South Carolina Rules of Civil Procedure states that service must be effectuated "personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process."

4

the UIFSA support enforcement agency in West Virginia, to comply with Rule 4(k) of the West Virginia Rules of Civil Procedure. Per Rule 9(b) of the West Virginia Rule of Practice and Procedure for Family Court, it was the obligation of the circuit clerk, not BCSE, to send notice to Shawn O. BCSE fulfilled its obligation by registering the order with the family court on May 20, 2022. The clerk similarly fulfilled its obligation when it sent Shawn O. the notice by certified mail, return receipt requested, on May 23, 2022, well within the twenty (20) day limit. Further, the notice properly included the information required by West Virginia Code § 48-16-605(b) (2015).

Accordingly, the order denying the BCSE's motion to reconsider entered December 12, 2022, is hereby reversed and this case is remanded to the Family Court of Jefferson County for further proceedings consistent with this decision and UIFSA.

Reversed and Remanded.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5